**UNITED STATES of America, Appellee,**

v.

**James Rodrick LaFROMBOISE, Appellant.**

No. 87–5146.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1987.
Decided Jan. 19, 1988.

Scott Tilsen, Minneapolis, Minn., for appellant.

Donald Lewis, Minneapolis, Minn., for appellee.

Before LAY, HEANEY and MAGILL, Circuit Judges.

PER CURIAM.

## INTRODUCTION

James LaFromboise, contends that 18 U.S.C. § 4243(e) and (f) of the Insanity Defense Reform Act violate his rights to due process and equal protection. He asserts that these provisions do not provide him (a person found not guilty only by reason of insanity) with a hearing at which he can contest his continued commitment to a mental health hospital. The district court held against LaFromboise. We affirm.

## FACTS

LaFromboise has a history of mental illness. He has a fourth grade education and is indigent. On March 26, 1986, he robbed a bank in Minneapolis, Minnesota. He brandished a knife. He was arrested in a Burger King restaurant around the corner with the money in his pocket. He was charged with bank robbery, in violation of 18 U.S.C. § 2113(a).

The trial court found LaFromboise not guilty only by reason of insanity under 18 U.S.C. § 4242(b)(3). After an examination hearing pursuant to 18 U.S.C. §§ 4243, 4247, the district court found that, due to LaFromboise's mental condition, his release would pose a substantial risk of bodily injury to another person or serious damage to property. LaFromboise did not contest this finding.

Counsel for LaFromboise requested that a hearing be scheduled from nine months to one year from the date of commitment. The purpose of this hearing would be to determine whether LaFromboise should be released because he no longer constituted a substantial threat to other people or property. The trial court denied this request, and LaFromboise filed this appeal.

## THE ACT

In 1984, Congress enacted the Insanity Defense Reform Act which, among other things, established a procedure for commit-

ting defendants found not guilty by reason of insanity. When a defendant is acquitted by reason of insanity, a hearing must be held within forty days of the verdict. *See* 18 U.S.C. § 4243(c). The acquittee has the burden of proving by clear and convincing evidence that his or her release would not pose a substantial risk of bodily injury or serious damage to property. *See* section 4243(d). If the acquittee fails to meet this burden, the court must commit him or her to the custody of the United States Attorney General.

The Attorney General must try to convince the state in which the acquittee was tried or is domiciled to take custody of the acquittee. *See* section 4243(e). If the state refuses, the Attorney General must hold the acquittee until the state assumes responsibility or until the acquittee can be released under the statute.

The director of the hospital where the acquittee is hospitalized can later determine that the acquittee does not pose a risk. *See* section 4243(f). The director must file a certificate with the court and notify the government and counsel for the acquittee of this determination. Upon the request of either of these parties, a hearing must be held.

Under section 4247(e)(1)(B), the director must also file an annual report with the court concerning the acquittee's mental state. The acquittee's counsel or legal guardian may also request a hearing to address the question of a discharge. *See* section 4247(h). The acquittee's rights to habeas corpus are not altered by the Act. *See* section 4247(g).

## ANALYSIS

■ The government argues that LaFromboise's claim is not ripe because LaFromboise cannot at this time be subject to release. Therefore, there is no live controversy.

Clearly, however, LaFromboise's mental disease or lack of education may render him incapable of asserting his right to a future hearing. This appeal is the only time an appointed lawyer can make these arguments because representation by appointed counsel terminates after this appeal.[1] We, therefore, find LaFromboise's claim to be ripe.

■ LaFromboise first claims a violation of the equal protection clause. He argues that other similarly situated mentally ill persons in the federal criminal system are provided periodic hearings or representation by counsel throughout their commitment. LaFromboise points to three classes of mentally incompetent persons—convicted persons, prisoners, and persons due for release. He claims that each is given a periodic hearing or continued representation by counsel under the Act. *See* sections 4244 (convicted person); 4245 (imprisoned person); 4246 (person due for release).

LaFromboise, however, has not shown that these other classes are provided greater procedural protections after the initial commitment hearing. *See* section 4247(e)(1)(B), (g) and (h). In addition, any differences before the hearing can be justified because these classes are not similarly situated. *Cf. Hickey v. Morris*, 722 F.2d 543 (9th Cir.1983) (Even under heightened scrutiny the disparity in treatment of civil and criminal committees under Washington state statutes is constitutionally permissible.); *Williams v. Wallis*, 734 F.2d 1434, 1437 (11th Cir.1984) (Differences in release procedures based on dangerousness are constitutionally permissible.).

■ LaFromboise also claims a violation of his rights to due process because the statute does not require a periodic adversary hearing. The provisions in question are sections 4243(f) and 4247(e)(1)(B). Under the sections, periodic review is provided solely by the director of the hospital who must prepare an annual report on the mental condition of the acquittee to submit to the district court. *See* section 4247(e)(1)(B). The acquittee can request a hearing, *see* section 4247(h), and at the hearing the acquittee would be represented by counsel.

---

1. Pursuant to 18 U.S.C. § 3006A, counsel for LaFromboise was appointed to represent LaFromboise only through the completion of this appeal.

LaFromboise's counsel argues that these procedural safeguards form "an empty shell" because LaFromboise will not have a lawyer or guardian after this appeal who can competently assert his right to an adversary hearing. Moreover, LaFromboise's educational level and mental condition make it unlikely he will be able to assert his rights on his own. A periodic adversary hearing would ensure that a hearing would occur at which LaFromboise would have an advocate representing him.

The Ninth Circuit Court of Appeals has held that review of a committed person's mental health by "health service professionals" is sufficient if the reviewers can act *independently* in making their determination. *Hickey*, 722 F.2d at 548–49 (citing *Parham v. J.R.*, 442 U.S. 584, 607, 99 S.Ct. 2493, 2506, 61 L.Ed.2d 101 (1979) (considering state commitment statute)). The court goes on to state, citing *Parham* and *Vitek v. Jones*, 445 U.S. 480, 495–96, 100 S.Ct. 1254, 1265, 63 L.Ed.2d 552 (1980), that due process does not require an adversarial hearing or independent decision-makers from outside a state hospital. Other courts have said the same. *See, e.g., Williams*, 734 F.2d at 1438 (Under state commitment statute, nonadversary periodic review satisfies due process.).

We agree that due process does not require a periodic adversary hearing as proposed by LaFromboise. The Act requires the hospital director to act independently in his assessment of the mental condition of insanity acquittees. *See* section 4246(e). As long as the hospital director does so, due process is satisfied.

█ In the alternative, LaFromboise requests that he be provided with counsel or a legal guardian on a continuing basis to review hospital reports submitted to the court. In this manner, if his lawyer believed that LaFromboise had a possible claim for release, the lawyer could act on LaFromboise's behalf and request a hearing.

We view this argument in the same light as the argument for a periodic adversary hearing. Providing continuous representation by counsel or a legal guardian is another way to inject an adversarial element into the process. Because due process does not require this adversarial element if the hospital administration acts independently, we hold that a lack of continuous representation by counsel after the initial commitment hearing does not violate due process.

█ Notwithstanding our holding in this case, we commend to district courts in this circuit the practice approved in *Government of the Virgin Islands v. Wallace*, 679 F.2d 1066 (3rd Cir.1982). In *Wallace*, the district court required an appointed lawyer to represent the acquittee in all matters connected with the commitment, including the monitoring of the acquittee's mental health, the reading of all reports on the acquittee, and the initiation of any necessary action to protect the acquittee's interests; and required the hospital superintendent to forward his reports to the counsel of the acquittee for review. *Id.* at 1071. In this way, as the Appeals Court stated, the district court did not rely "solely on conscientious monitoring by the hospital staff as a means of preventing unwarranted confinement." *Id.* If this practice is followed, fair treatment of committed persons would be further ensured, and due process violations would more likely be avoided.