**UNITED STATES, Plaintiff,**

v.

**Kenneth K. NAKAMOTO, Defendant.**

**No. CR. 92–01199 ACK.**

United States District Court,
D. Hawaii.

March 26, 1998.

Kenneth K. Nakamoto, Springfield, MO, pro se.

### ORDER GRANTING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

KAY, Chief Judge.

### BACKGROUND

On October 9, 1992, after a non-jury trial, Defendant Kenneth Nakamoto ("Defendant") was found not guilty of bank robbery by reason of insanity. On October 16, 1992, the Court required Defendant to be committed to a facility for mental treatment and examination, pursuant to 18 U.S.C. § 4243(a). Subsequently, on February 24, 1993, the Court ordered that Defendant be committed to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4243(e).

On November 4, 1994, the Court granted Defendant release from custody on conditions pursuant to 18 U.S.C. § 4243(f), but, on February 8, 1995, Defendant's release was revoked after the Court found that he had violated the terms and conditions of his release by using illegal drugs and by contacting his family. On January 18, 1996, the Court again ordered Defendant conditionally discharged. On April 25, 1996, the Court modified the conditions of Defendant's release after finding that Defendant had violated conditions of his release.

On April 24, 1997, this Court issued an order finding that Defendant violated conditions of his discharge and that Defendant's continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. Accordingly, the Court revoked Defendant's conditional discharge.

On January 8, 1998, Defendant filed a motion *pro se* requesting "another probationary conditional release." In light of the fact that only counsel or a guardian, and not a person

*pro se,* may make a motion for a hearing to determine whether a person should be discharged, *see* 18 U.S.C. § 4247(h), the Court construed Defendant's motion as a motion for appointment of counsel, and stayed issuance of an order pending the imminent issuance of the annual medical report by the Bureau of Prisons evaluating Defendant. *See* Order 3–4. On March 6, 1998, the Bureau of Prisons issued its report proposing that Defendant remain committed to a mental facility for further treatment.

### DISCUSSION

No provision in the statute governing the commitment of insanity acquittees provides for the appointment of counsel to continue throughout a defendant's commitment. *See, e.g.,* 18 U.S.C. § 4247(d) (providing for appointment of counsel only at a hearing). Thus, the Court determines Defendant's motion for appointment of counsel under Title 18 U.S.C. § 3006A. This provision authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A. "Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.1986).

■ The Due Process Clause does not require the appointment of counsel throughout an insanity acquittee's commitment. In *Hickey v. Morris,* the court upheld a Washington statute that did not provide for automatic, periodic judicial review of an insanity acquittee's confinement. 722 F.2d 543, 548 (9th Cir.1983). In that case, the court observed that the Defendant's liberty interest in avoiding unnecessary confinement was adequately protected by the "regular examination of insanity acquittees by health professionals." *Id.* at 547. The court concluded, "Due process does not always require an adversarial hearing."*Id.* Similarly, the appointment of counsel to an insanity acquittee is not required because "[p]roviding continuous representation by counsel ... is another way to inject an adversarial element into the process." *United States v. LaFromboise,* 836 F.2d 1149, 1152 (8th Cir.1988) (citing *Hickey* ); *see also Phelps v. U.S. Federal Government,* 15 F.3d 735, 737 (8th Cir.1994)

(finding that the district court did not err by declining to appoint counsel in a habeas proceeding brought by an insanity acquittee).

■ Although not required by the Due Process Clause, the Court finds that the interests of justice require the appointment of counsel. As noted in the Court's previous Order, an insanity acquittee may not seek a hearing *pro se* to determine whether he or she should be discharged under 18 U.S.C. § 4247(h). *See United States v. Hunter,* 985 F.2d 1003, 1006 (9th Cir.1993), *vacated as moot,* 1 F.3d 843 (9th Cir.1993). In *Hunter,* the court further stated, "The attorney who was appointed at the time of the initial commitment hearing ... can remain the defendant's attorney of record and can file such motions in defendant's behalf...." *Id.* This is consistent with the practice of some district courts to appoint an attorney to represent an insanity acquittee "in all matters connected with the commitment, including the monitoring of the acquittee's mental health, the reading of all reports on the acquittee, and the initiation of any necessary action to protect the acquittee." *LaFromboise,* 836 F.2d at 1152 (discussing *Government of the Virgin Islands v. Wallace,* 679 F.2d 1066, 1071 (3d Cir.1982)).

The Court concludes that Defendant is entitled to have an attorney receive and review the periodic reports issued by the Bureau of Prisons. In this case, the counsel that was appointed to represent Defendant in prior proceedings, Rustam Barbee, has since left the Federal Public Defender's Office. In light of Mr. Barbee's intimate knowledge of this case and of Defendant's mental condition in the past, the Court appoints Mr. Barbee to review Defendant's petition and the report by the Bureau of Prisons. Mr. Barbee may take appropriate action on behalf of Defendant.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for appointment of counsel.

IT IS SO ORDERED.